1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| **RICK KUTZMAN and**<br>**JAMIE LEONARDO, individuals,**<br>**and on behalf of themselves,**<br>**and on behalf of others similarly situated,**<br><br>         **Plaintiffs,**<br><br>         **v.**<br><br>**DERREL'S MINI STORAGE, INC.,**<br>**a California corporation**<br><br>         **Defendant.** | **CASE NO. 1:18-CV-396 AWI-JLT**<br><br>**ORDER ON PLAINTIFFS'**<br>**MOTION TO REMAND CASE**<br>**TO STATE COURT**<br><br>(Doc. No. 8) |

16     Rick Kutzman and Jamie Leonardo, Plaintiffs, allege that Defendant Derrel's Mini Storage

17 required them and others to sign, as part of Defendant's employment-application procedures, a

18 background-check authorization that included a liability release clause in the same document.

19 Plaintiffs contend the inclusion of the liability clause violates the Fair Credit Reporting Act, 15

20 U.S.C. § 1681b(b)(2)(A).  Plaintiffs filed a class-action Complaint in Kern County Superior Court

21 (California state court) alleging two FCRA causes of action, as well as violations of the California

22 Labor Code.[1]  Defendant removed to this Court due to the presence of a federal question.

23     Plaintiffs now seek remand, arguing Defendant has not met its burden to show this Court

24 has subject matter jurisdiction over the FCRA claims—in that Defendant did not demonstrate

25 Plaintiffs pleaded a concrete injury to show Article III standing per Spokeo, Inc. v. Robins, 136 S.

26 Ct. 1540 (2016).  For the reasons that follow, the Court denies Plaintiffs' motion to remand.

27

28

---

[1] Plaintiffs also alleged Defendant failed to provide them and other employees with required meal and rest breaks, failed to properly calculate overtime pay, and failed to reimburse them and others for the company's use of its employees' personal property.  These issues are not wholly pertinent to Plaintiffs' remand motion.

*Removal and Remand*

A defendant may remove to federal court a claim filed in state court that also could have initially been brought in federal court. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over the removed claims], the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). The removal statute is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 1106-07. This "strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566.

*Parties' Arguments*

Plaintiffs argue that the case must be remanded to California state court because Defendant has failed to meet its burden to establish that this Court has subject matter jurisdiction over the FCRA claims. Plaintiffs admit that their FCRA claims arise under federal law, but contend that Defendant has not demonstrated standing under Article III, § 2 of the Constitution. Specifically, Plaintiffs aver that Defendant must demonstrate in the removal notice that Plaintiffs have suffered a concrete injury. Plaintiffs argue that courts within the Ninth Circuit are in conflict as to whether the Complaint's FCRA allegations meet the "concrete" standard, and this doubt, coupled with the lack of a federal question in any of Plaintiffs' claims under the Labor Code, must result in remand.

Defendant counters that Plaintiffs' argument is contrary to the allegations in the Complaint, which clearly demonstrate a concrete injury as defined by Ninth Circuit precedent. Defendant maintains that even though it denies the truth of Plaintiffs' claims, the Court must treat the allegations in the Complaint as true at this stage, indicating subject matter jurisdiction exists.

*Analysis*

At the core of the Article III case-or-controversy requirement is the doctrine of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Case law has "established that the irreducible constitutional minimum of standing contains three elements."

> First, the plaintiff must have suffered an "**injury in fact**"—**an invasion of a legally protected interest which is (a) concrete and particularized**; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Id. at 560–61 (emphasis added); see also Spokeo, 136 S.Ct. at 1548. An injury is "concrete" if it "actually exists" and is real and not abstract. Id. "A bare procedural violation, divorced from any concrete harm, [will not] satisfy the injury-in-fact requirement of Article III." Id. In the context of removal, if no injury-in-fact exists, the Court is stripped of its subject matter jurisdiction and the case must be remanded. Polo v. Innoventions International, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction [which includes standing] means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").

Here, Plaintiffs lean heavily on the principle that it is the removing party's burden to demonstrate the existence of a "concrete" injury, a burden they allege Defendant has failed to meet. Plaintiffs first argue that since Defendant's notice of removal fails to address the issue of standing, the case must be remanded. However, the law does not require that Defendant make out every aspect of Plaintiffs' case in its notice of removal. Instead, the removal statute only requires the notice contain "a short and plain statement" of the grounds for removal. 28 U.S.C. 1446(a); Dart Cherokee Basin Oper. Co. v. Owens, 135 S. Ct. 547, 551 (2014). This "short and plain statement" requirement is met here. Defendant's removal notice states Plaintiffs' first and second causes of action arise under the FCRA, 15 U.S.C. § 1681b(b)(2)(A), and restates Plaintiffs' allegations "that Defendant did not receive valid consent to perform background checks on perspective [sic] employees because the document authorizing Defendant to perform the

3

background check included a liability release provision." See Doc. No. 2, ¶ 2. Defendant then refers to the attached Exhibit A, which contains "[a] true and correct copy of the . . . Complaint . . . served on Defendant . . . ." In determining the subject-matter-jurisdiction issue, the Court is not bound solely to the notice of removal, but may also examine the Complaint filed in state court. See Schroeder v. Trans World Airlines, Inc., 702 F.2d 189, 191 (9th Cir. 1983) ("Upon the filing of a petition for removal, the district court analyzes the complaint to determine if federal jurisdiction could be invoked, either by diversity or federal question. It is proper to use the petition for removal to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction.") (overruled on other grounds by Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241 (9th Cir. 2009)); see also Gaus, 980 F.2d at 566-67 (analyzing both the operative complaint and averments made in the removal notice); Ballard v. Ameron International Corporation, 2016 WL 6216194 at * (N.D. Cal. Oct, 25, 2016) (same); Kanter v. Warner-Lambert Co., 52 F.Supp.2d 1126, 1129 (N.D. Cal. 1999) ("*If the complaint does not already disclose a sufficient factual basis for jurisdiction*, such facts must appear in the notice of removal.") (emphasis added).

Turning to Plaintiffs' Complaint, the substance of their FCRA claims appears in ¶¶ 10-12, 17-22, and 27-36. See Doc. No. 2-1. Therein, Plaintiffs have alleged a violation of 15 U.S.C. § 1681b(b)(2(A); this provision states it is unlawful to:

> . . . procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
>
> > (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .

As to the issue of a "concrete" injury, ¶ 17 of Plaintiffs' complaint is illuminating:

> In connection with their employment application, PLAINTIFFS completed DEFENDANT's standard application materials. These application materials **included a background check disclosure and authorization document and included in the document was extraneous information, including** but not limited to, **a liability release clause** releasing DEFENDANT and its third-party it contracted with from all liability stemming from the conducting of a background check on PLAINTIFFS[.] Following their submission of the employment

4

application materials[,] **DEFENDANT's [third-party] conducted a background check** on PLAINTIFFS and PLAINTIFFS were hired to work for DEFENDANT. **PLAINTIFFS only discovered DEFENDANT's violations when they obtained and reviewed their personnel file from DEFENDANT** and discovered that DEFENDANT had procured and/or caused to be procured a consumer report regarding them for employment purposes based on the illegal disclosure and authorization document. **PLAINTIFFS were not aware that they were signing a liability waiver while also authorizing the credit check when they signed DEFENDANT's disclosure and authorization document[, and] would not have signed DEFENDANT's disclosure and authorization document had it contained a sufficiently clear disclosure, as required in the statute**.

Id. (emphasis added). Plaintiffs contend this paragraph merely alleges a "procedural violation," not a "concrete" injury under Spokeo and subsequent-conflicting precedent. Plaintiffs' contention has no merit, for the Ninth Circuit has held this exact conduct in fact does represent a concrete injury for purposes of Article III standing.

In Syed v. M-I, LLC, the plaintiff-job-applicant contended the defendant-employer procured applicant's consumer report after including liability waiver in same document as the statutorily mandated disclosure. 853 F.3d 492, 497-98 (9th Cir. 2017). The plaintiff brought an FCRA claim under Section 1681b(b)(2)(A), but the district court dismissed the claim (for reasons irrelevant to this Order). Id. at 498. On appeal, the Ninth Circuit squarely addressed the issue of standing, holding that "a prospective employer violates Section 1681b(b)(2)(A) when it procures a job applicant's consumer report after including a liability waiver in the same document as the statutorily mandated disclosure." Id. at 496. Guided by Spokeo, the Ninth Circuit reasoned the plaintiff had alleged "more than a bare procedural violation." Id. at 499.

The disclosure requirement at issue, 15 U.S.C. § 1681b(b)(2)(A)(i), creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process. The authorization requirement, § 1681b(b)(2)(A)(ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check.
By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a "chain of causation that will give rise to a case or controversy."

Id. It follows that the averments in ¶ 17 of Plaintiffs' Complaint also sufficiently state a concrete

injury.  Id.; see also Thomas v. FTS USA, LLC, 193 F.Supp.3d 623, 628–638 (E.D. Va. 2016) (holding that an improper disclosure under 15 U.S.C. § 1681b(b)(2)(A) causes "a concrete injury sufficient to confer standing").  Since the Complaint sufficiently contains a short and plain statement alleging facts giving rise to subject matter jurisdiction, and Defendant references Exhibit A—the Complaint—in their short-and-plain notice of removal, Plaintiffs' motion to remand is without merit and is therefore denied.

Plaintiffs raise additional arguments for the first time in the reply brief, which the court declines to consider.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Insomuch as these arguments go to the heart of a federal court's subject matter jurisdiction over the FCRA claims, such that they should be examined *sua sponte*, the Court is not left with any doubt as to Defendant's right to remove this case.  Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566; see also Syed, 853 F.3d at 499 ("By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a 'chain of causation that will give rise to a case or controversy.'").

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiffs' Motion to Remand (Doc. No. 8) is DENIED; and

2.     The remainder of this case is referred back to the magistrate judge for further proceedings.[2]

IT IS SO ORDERED.

Dated:   July 31, 2018                    _____

SENIOR  DISTRICT  JUDGE

---

[2] Prior to the Court's resolution of this matter, Plaintiffs received approval from the Magistrate Judge to file a First Amended Complaint, which they did.  See Doc. No. 12.  However, the Court was bound to view the remand issue as applied to the original Complaint filed in California state court.  O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction, based upon a federal question [the court] must look to the complaint as of the time the removal petition was filed.").  Now that the Court has resolved the remand issue, the original Complaint is no longer operative, and the parties should proceed on the allegations made in the First Amended Complaint.